**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DONNIE SPELLER MOORE, #1498056   :

    Plaintiff   :   Civil Action No. JFM-07-2150

v.   :

MICHAEL ASTRUE, Commissioner   :
of Social Security
                                            :
    Defendant   ..oOo..

**MEMORANDUM**

This matter is before the court on Donnie Moore's complaint for review of the denial of his claim for disability insurance benefits under Title II and supplemental security income payments under Title XVI of the Social Security Act.[1]  Counsel for Commissioner Michael Astrue has filed a motion to dismiss the complaint for failure to exhaust administrative appeal remedies.  Plaintiff has filed an opposition. Upon review of the pleadings, the court will dismiss the complaint without prejudice for lack of jurisdiction.

On October 22, 2004, plaintiff filed a complaint in this court for disability insurance benefits and supplemental security income. *See* Civil Action No. WDQ-04-3444 (D. Md).   On September 8 2005, Magistrate Judge Grimm remanded the case matter to the Commissioner for further administrative proceedings.

On May 1, 2007, an administrative law judge issued a partially favorable decision,

---

[1] Plaintiff is an inmate at FCI Cumberland, Maryland. Electronic records accessed through the Pacer system show that on July 11, 1994, Moore pleaded guilty in United States District Court for the Eastern District of North Carolina to possession with intent to distribute cocaine base, use of a communication facility in furtherance of criminal enterprise, and furnishing a place for the manufacture of a controlled substance.   The court imposed a sentence of 188 months incarceration.

determining that Plaintiff was partially disabled as of October 17, 2005, but not before that date. Plaintiff filed timely written exceptions to this decision with the Appeals Counsel on May 7, 2007. Without waiting for the Appeals Council to respond, however, plaintiff filed the instant civil action on August 9, 2007. As such, this complaint was prematurely filed and plaintiff has failed to exhaust administrative remedies. *See* 42 U.S.C. §405(g).[2] Accordingly, the court will by separate order dismiss the complaint without prejudice to refiling after administrative remedies are exhausted.

November 14, 2007  /s/
Date  J. Frederick Motz
 United States District Judge

---

[2] Plaintiff does not claim, nor does the complaint suggest special circumstances to excuse exhaustion of administrative remedies. *See Heckler v. Ringer*, 466 U.S. 602, 618-19 (1984).